APPEAL NO. 21-1207
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

ERIC WAYNE POEMOCEAH,
Plaintiff-Appellant,

v.

MORTON COUNTY, NORTH DAKOTA;
KYLE KIRCHMEIER, in his individual capacity;
PAUL LANEY, in his individual capacity;
THOMAS IVERSON, in his individual capacity;
BENJAMIN V. SWENSON, in his individual capacity; and
JOHN DOES 1-4 (law enforcement personnel, in their individual capacities),
Defendants-Respondents.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
No. 1:20-cv-53-OMT-CRH
_____

APPELLANT'S MOTION FOR ORAL ARGUMENT
_____

Appellant has been notified that this case has been screened and selected for submission to a panel of judges on the briefs and record without oral argument. Appellant respectfully requests oral argument, for the following reasons.

Key legal issues in this appeal are not well-developed in this Circuit, and are likely to arise with regularity in the future, due to the evolving nature of public protest and other First Amendment activity, and the equally evolving nature of

1

Appellate Case: 21-1207     Page: 1     Date Filed: 12/05/2023 Entry ID: 5341820

police response to such activity. Out of the 24 cases in the Eighth Circuit that come up on a Westlaw search for ""42 w/5 1983" and protest* and "excessive force,"" more than half were issued in the past three years, with the prior six years having no such cases.

While this appeal has been pending, four opinions involving relevant legal issues have been issued, as reflected in the four Rule 28(j) letters submitted by appellants' counsel. But of course, the facts of each case are different. This appeal involves issues about which counsel was unable to find much, if any, Eighth Circuit case law:

1) Whether it was appropriate for the district court to rule, *as a matter of law*, that plaintiff's behavior constituted noncompliance justifying the extreme force used against him.

2) Whether it was appropriate to use more than *de minimus* force, when Mr. Poemoceah was suspected only of trespass; was not fleeing or resisting arrest; had never been told he was under arrest; and was given no commands or warning or opportunity to comply, before being violently tackled and piled upon, breaking his hip.

3) How the *Graham* factors intersect with police response to peaceful protest, requiring "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing

governmental interests at stake," considering the totality of the facts and circumstances in this particular case, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865 (1989).

4) Whether the allegations were plausible enough to survive a motion to dismiss and open the doors of discovery (*see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), as argued in the opening and reply briefs.

In this era of increasing mass protests and concomitant civil rights litigation, appellant respectfully suggests that it would benefit the Court to allow the parties to further elucidate the legal issues through oral argument.

Respectfully submitted December 5, 2023,

    /s/ Marianne Dugan
Marianne Dugan, Attorney at Law
CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette St. Ste 301 # 359
Eugene, Oregon 97401
(541) 687-9180
mdugan@cldc.org
    Of Attorneys for Appellant

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This motion complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this motion contains 432 words, excluding the caption, title, signature block, and certificates.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: December 5, 2023.

    s/ Marianne Dugan
MARIANNE DUGAN
Counsel for Appellant/Plaintiff
1711 Willamette St. Ste 301 # 359
Eugene, OR  97401
(541) 687-9180

# CERTIFICATE OF SERVICE

I certify that, on December 5, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 s/ Marianne Dugan
Marianne Dugan
Counsel for Appellant/Plaintiff
1711 Willamette St. Ste 301 # 359
Eugene, OR  97401
(541) 687-9180
