

**CLDC**
1711 Willamette St. Ste 301 #359
Eugene, OR 97401
Phone: 541-687-9180
E-Mail: mdugan@cldc.org
Web: www.cldc.org

December 5, 2023

Clerk of the Court
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO. 63102
(filed electronically)

CC (served via electronic filing) - Attorneys of record

RE:   Poemoceah v. Morton County, 8th Cir. No. 21-1207
      FRAP 28(j) Letter

Dear Clerk of the Court,

Appellant submits this letter pursuant to Federal Rule of Appellate Procedure 28(j), regarding *Nieters v. Holtan*, 83 F.4th 1099 (8th Cir. 2023).

In that case, this Court reversed summary judgment in favor of officers, where, during a protest, a photojournalist was injured by police. This Court held there were factual disputes with respect to excessive force, "[v]iewing the totality of the circumstances in the light most favorable to Nieters." *Id.* at 1108. The Court noted that the arrest was for failure to disperse, a misdemeanor; and that the officer could not "point to any facts suggesting an immediate threat to his safety or the safety of others." *Id.* at 1108-09 (citation omitted).

This Court rejected the officer's final argument, that the plaintiff had been "actively fleeing or resisting." The Court noted that the officer

> testified he "almost simultaneously" gave Nieters the order to get on the ground, while charging and pepper-spraying him. Nieters was a nonviolent alleged misdemeanant who was not given time to comply with the order to get on the ground prior to Officer Holtan's use of force. . . . When Officer Holtan began charging, Nieters had his hands in the air and stood still but, at some point, Nieters turned his body away from Officer Holtan. Taking this fact in the light most favorable to Nieters, a jury could conclude a reasonable officer would have interpreted Nieters's action in turning his body as an attempt to shield himself or the two cameras he wore from the impending impact of Officer Holtan running at him rather than an attempt to flee.

*Nieters*, 83 F.4th at 1108-09 (citation omitted).

In *Nieters*, this Court also held that the right was clearly established and therefore qualified immunity was not available as a matter of law, citing numerous prior Eight Circuit cases. *Id.* at 1109.

Similarly, in the instant case, the court erred in deciding *as a matter of law* that plaintiff's behavior constituted fleeing or noncompliance that justified the extreme force used against him. The video evidence alone would allow a reasonable jury to conclude the force was excessive.

        Very truly yours,

        /s/ Marianne Dugan
        Marianne Dugan